1    ROBERT A. SIEGEL (S.B. #64604)
     rsiegel@omm.com
2    O'MELVENY & MYERS LLP
     400 South Hope Street, 18th Floor
3    Los Angeles, CA 90071-2899
     Telephone:  213-430-6000
4    Facsimile:   213-430-6407

5    ADAM P. KOHSWEENEY  (S.B. #229983)
     akohsweeney@omm.com
6    SUSANNAH K. HOWARD (S.B. #291326)
     showard@omm.com
7    KRISTIN M. MACDONNELL (S.B. #307124)
     kmacdonnell@omm.com
8    O'MELVENY & MYERS LLP
     Two Embarcadero Center
9    San Francisco, CA 94111-3823
     Telephone:  415-984-8912
10   Facsimile:   415-984-8701

11   Attorneys for Defendant
     United Airlines, Inc.
12

13

14

15                  **UNITED STATES DISTRICT COURT**

16                 **SOUTHERN DISTRICT OF CALIFORNIA**

17

18   ELLA BROWN, an individual, on          Case No.  CV ___'19CV537__MMAJLB___
     behalf of herself and on behalf of all
19   persons similarly situated,            **NOTICE OF REMOVAL OF
                                            DEFENDANT UNITED AIRLINES,**
20                  Plaintiff,              **INC.**

21   v.                                     (28 U.S.C. §§ 1332(d), 1441(a))

22   UNITED AIRLINES, INC., a               (San Diego County Superior Court Case
     Corporation; and DOES 1 through        No. 37-2019-00008533-CU-OE-CTL)
23   50, inclusive,

24                  Defendants.

25

26

27

28
                                                    NOTICE OF REMOVAL CV _____

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ELLA BROWN AND PLAINTIFF'S ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332(d), 1441(1) and 1446, Defendant United Airlines, Inc. ("United") hereby files this Notice of Removal, removing this action brought by Plaintiff Ella Brown ("Plaintiff") from the Superior Court of the State of California, County of San Diego, where the action is currently pending, to this Court pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005. United states the following grounds for removal:

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On February 19, 2019, United received a Summons and Complaint that had been filed on February 14 ,2019, a true and correct copy of which is attached hereto collectively as **Exhibit A**. The action was brought as a putative class action in the Superior Court of the State of California, County of San Diego, styled and captioned exactly as above, and assigned Case No. 37-2019-00008533-CU-OE-CTL. On March 19, 2019, United filed an Answer to the Complaint in the Superior Court of the State of California, County of San Diego, a copy of which is attached hereto as **Exhibit B**. No other process, pleadings or orders have been filed and served in this action, and no other defendant has been named or served.

2. The Complaint asserts six causes of action, predicated on alleged violations of California's minimum wage, overtime, meal and rest break, and recordkeeping laws. Plaintiff seeks to bring her first claim for violation of California's Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*, on behalf of a putative "California Class" defined as "all individuals who are or previously were employed by Defendant in California and classified as

non-exempt employees." (Ex. A ¶ 20.)[1] Plaintiff seeks to bring her second through sixth claims for alleged violation of California minimum wage law, overtime law, meal break law, rest break law, and wage statement law on behalf of a putative "California Labor Sub-Class" defined as "all members of the California Class classified as non-exempt employees." (Ex. A. ¶ 32.)[2]

3.      In the First Cause of Action, Plaintiff alleges that United engaged in unfair business practices by engaging in "the conduct alleged herein." (Compl. ¶ 45.) Plaintiff seeks for herself and for every member of the California Class one hour of pay for each workday in which an off-duty meal and/or rest period was not timely provided. (*Id.* ¶¶ 50, 51.) Plaintiff also seeks restitution of all money acquired by United as a result of these allegedly unfair practices according to California Business & Professions Code § 17200 *et seq.*, as well as a declaration that United's practices are unlawful. (*Id.* ¶¶ 54, 55.)

4.      In the Second Cause of Action, Plaintiff alleges that United failed to pay Plaintiff and the putative class members of the California Labor Sub-Class minimum wage in accordance with California Labor Code §§ 1194, 1197, and 1197.1. (Compl. ¶¶ 60, 61.) Plaintiff also alleges that she and the putative class members of the California Labor Sub-Class were not timely paid their wages in accordance with California Labor Code §§ 201, 202, and 203. (*Id.* ¶¶ 62, 70.) Plaintiff seeks recovery of all unpaid wages, interest, statutory costs, and statutory penalties. (*Id.* ¶ 70.)

---

[1] Plaintiff excludes from this definition "all persons that are or were employed by Defendant in the position of flight attendant (the "California Class") at any time during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "California Class Period")." (Ex. A. ¶ 20.)

[2] Plaintiff also excludes from this definition "all persons that are or were employed by Defendant in the position of Flight Attendant (the "California Labor Sub-Class") at any time during the period beginning on the date three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "California Labor Sub-Class Period") pursuant to Cal. Code of Civ. Proc. § 382." (Ex. A. ¶ 32.)

5. In the Third Cause of Action, Plaintiff alleges that United failed to pay Plaintiff and the putative members of the California Labor Sub-Class overtime wages in accordance with California Labor Code § 510, 1194, and 1998. (Compl. ¶¶ 74, 75.) Plaintiff also alleges that United failed to pay overtime wages in a timely manner, and thus violated California Labor Code § 204. (*Id.* ¶ 73.) Plaintiff seeks recovery of all unpaid overtime wages, interest, statutory costs, and statutory penalties. (*Id.* ¶ 85.)

6. In the Fourth Cause of Action, Plaintiff alleges that United failed to provide Plaintiff and the putative members of the California Labor Sub-Class off-duty meal periods in accordance with California Labor Code §§ 226.7 and 512. (Compl. ¶¶ 88, 89.) Plaintiff seeks all wages earned and due, interest, penalties, and costs. (*Id.* ¶ 90.)

7. In the Fifth Cause of Action, Plaintiff alleges that United failed to provide Plaintiff and the putative members of the California Labor Sub-Class off-duty rest periods in accordance with California Labor Code §§ 226.7 and 512. (Compl. ¶¶ 88, 89.) Plaintiff seeks all wages earned and due, interest, penalties, and costs. (*Id.* ¶ 94.)

8. In the Sixth Cause of Action, Plaintiff alleges that United failed to provide accurate itemized wage statements to Plaintiff and the putative class members of the California Labor Sub-Class. (Compl. ¶ 97.) Plaintiff seeks penalties pursuant to Labor Code § 226, attorney's fees, and costs. (*Id.* ¶ 98.)

9. This Notice of Removal has been filed within thirty (30) days of service of United, and, as no other defendant has been named or served, the requirement of 28 U.S.C. § 1446(b) requiring removal within thirty (30) days of service of the first defendant has been satisfied. Therefore, this Notice of Removal has been timely filed.

## BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA")

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), which provides that the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members, (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A) & (5)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." (internal quotation marks omitted)).[3]

11.     These three conditions are satisfied here.  First, Plaintiff filed this action as a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(b) because Plaintiff pleads that this civil action should be considered a class action under California law.  (Compl. ¶¶ 20, 32.)  According to United's records, there are approximately 2,182 ramp agents currently working for United in California. (Declaration of Dorota Karpierz i/s/o Notice of Removal, dated March 19, 2019 ("Karpierz Decl.") ¶ 3.)  The requirement that the class consist of at least 100 members is therefore satisfied.

12.     Second, Plaintiff is a citizen of the state of California.  (*Id*. ¶ 2.) United is incorporated in the State of Delaware, with its principal place of business in Chicago, Illinois, and is therefore for removal purposes a citizen of the State of Delaware and of the State of Illinois.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-

---

[3] United does not waive, and expressly reserves, all arguments that this matter is improper for both class certification and as a non-class representative action.

93 (2010); Karpierz Decl. ¶ 5.  Thus, Plaintiff is a citizen of a state different from United within the meaning of 28 U.S.C. § 1332(d)(2)(A).

13.    Third, the claims asserted by the plaintiff class, aggregated as required by 28 U.S.C. § 1332(d)(2), exceed the necessary sum of $5,000,000 "in controversy" within the meaning of 28 U.S.C. § 1332(d)(2).  Although United denies that Plaintiff and/or any putative class member is entitled to any relief based on the allegations in the Complaint, given the size of the proposed class, the breadth of the claims alleged and relief sought, and the specific allegations in the Complaint, the amount put "in controversy" by this litigation is in excess of $10,000,000, far exceeding the threshold requirement of $5,000,000[4]:

a.  Plaintiff's Fourth and Fifth Causes of Action allege that United "often" required employees to work through their meal periods and "periodically" denied their rest periods, Compl. ¶¶ 88, 92, and therefore she and the putative class members are entitled to missed meal and rest period premiums pursuant to Labor Code § 226.7 going back four years to February 14, 2015.

b.  There are approximately 2,182 individuals currently working for United as ramp agents in California.  (Karpierz Decl. ¶ 3.)  According to the applicable collective bargaining agreement, the current lowest hourly rate for ramp agents is $14.38 per hour.  (*Id.* ¶ 4.)  Labor Code § 226.7 provides that if an employer fails to provide a meal or rest period in accordance with the law, "the

_____

[4] Although Plaintiff alleges that the amount in controversy is under five million dollars, Compl. ¶ 4, this Court is not bound to plaintiff's allegation.  *See Sanders v. Old Dominion Freight Line, Inc.*, 2018 WL 1193836, at *4-6 (S.D. Cal. Mar. 8, 2018) (finding CAFA amount in controversy satisfied even though plaintiff alleged that the amount in controversy was less than five million dollars); *see also Rodriguez v. At&T Mobility Servs. LLC*, 728 F.3d 975, 977-78 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum.").

NOTICE OF REMOVAL CV _____

employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."  Cal. Lab. Code § 226.7(c).

    c.  Reducing the number of putative class members by approximately 50% (1,091) to account for attrition, and assuming each class member was paid at $14.38 per hour and missed one meal and one rest break each week for the 4 years (or 208 weeks) at issue in this action, the amount in controversy for Plaintiff's Fourth and Fifth Causes of Action is approximately:

        i.  (14.38 x 208 weeks x 1091) + (14.38 x 208 weeks x 1091) = $6,526,449.20.

    d.  Although United contends that the claims are meritless, and that no monies are owed, relative to the claims in the Complaint, this calculation uses low assumptions regarding the putative class members' regular hourly rate and the number of missed meal and rest periods per week.

14.    This calculation only values the Fourth and Fifth Causes of Action and only considers ramp agents—accordingly, the actual amount in controversy is significantly higher.

15.    In addition, Plaintiff seeks to recover attorney's fees, which further increases the alleged amount "in controversy" beyond $5,000,000.  (Prayer for Relief ¶ 3.); *see Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) (including attorneys' fees in calculating amount in controversy), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001) (holding that attorneys' fees were properly included in the amount in controversy requirement in a class action);

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) (including attorneys' fees in calculating the amount in controversy requirement for traditional diversity jurisdiction).

16.     Thus, based on the reasonable assumptions set forth herein, the potential compensatory damages, together with the statutory penalties and attorney's fees, exceed the $5,000,000 aggregate amount in controversy requirement set forth under 28 U.S.C. § 1332(d)(2).  *Dart Cherokee*, 135 S.Ct. at 554 ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## **VENUE**

17.     Plaintiff's state court action was commenced in the Superior Court of the State of California for the County of San Diego and, pursuant to 28 U.S.C. §§ 84(a), 1441(a), & 1446(a) may be removed to this United States District Court for the Southern District of California, which embraces San Diego County within its jurisdiction.

## **CONCLUSION**

18.     For the reasons discussed herein, pursuant to 28 U.S.C. §§ 1332(d), 1441(a) & 1446, this state court action may be removed to this Federal District Court.

1    **WHEREFORE**, Defendant requests that this action be brought to this Court,

2    and that this Court exercise its jurisdiction in the premises.

3

4    Dated: March 21, 2019              O'MELVENY & MYERS LLP
                                        ROBERT A. SIEGEL
5                                       ADAM P. KOHSWEENEY
                                        SUSANNAH K. HOWARD
6

7                                       By:   */s/ Adam P. KohSweeney*
                                              Adam P. KohSweeney
8                                       Attorneys for Defendant United
                                        Airlines, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1 | **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
2 | Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
3 | 2255 Calle Clara
La Jolla, CA 92037
4 | Telephone: (858)551-1223
Facsimile: (858) 551-1232
5 | Website: www.bamlawca.com

6 | Attorneys for Plaintiff

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| ELLA BROWN, an individual, on behalf of herself, and on behalf of all persons similarly situated, | Case No._____ |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiff, | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| vs. | 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| UNITED AIRLINES, INC., a Corporation; and Does 1 through 50, Inclusive, | 3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*; |
| | 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| Defendants. | 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; and, |
| | 6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226. |
| | **DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

Plaintiff Ella Brown ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.  Defendant United Airlines, Inc. ("DEFENDANT") is a corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.  DEFENDANT provides air transportation services., the Asia-Pacific, Europe, the Middle East, and Latin America.  DEFENDANT transports people and cargo through its mainline and regional operations.  DEFENDANT also sells fuel and offers catering, ground handling, and maintenance services for third parties. The company was founded in 1934.

3.  PLAINTIFF has been employed by DEFENDANT in California as a Ramp Agent and classified as a non-exempt employee entitled to overtime pay and meal and rest periods since September of 2016.  PLAINTIFF has been at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages, including but not limited to shift differential wages for working undesirable shifts and quarterly performance based incentive wages.

4.  PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees. Excluded from this class definition are all persons that are or were employed by DEFENDANT in the position of Flight Attendant (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

CLASS ACTION COMPLAINT

5.    PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees for all their overtime worked. DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they were ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

1 | Defendants' agents, servants and/or employees.

2

3 | **THE CONDUCT**

4 | 8.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

5 | to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA

6 | CLASS for their overtime worked.   DEFENDANT unlawfully and unilaterally fails to

7 | accurately calculate minimum wages and overtime wages for overtime worked by PLAINTIFF

8 | and other members of the CALIFORNIA CLASS in order to avoid paying these employees the

9 | correct overtime compensation.   As a result, PLAINTIFF and the other members of the

10 | CALIFORNIA CLASS forfeit wages due them for working overtime without compensation at

11 | the correct overtime rates. DEFENDANT's uniform policy and practice to not pay the members

12 | of the CALIFORNIA CLASS the correct overtime rate for all overtime worked in accordance

13 | with applicable law is evidenced by DEFENDANT's business records.

14 | 9.    State and federal law provides that employees must be paid overtime at one-and-

15 | one-half times their "regular rate of pay."   PLAINTIFF and other CALIFORNIA CLASS

16 | Members are compensated at an hourly rate plus incentive pay that was tied to specific elements

17 | of an employee's performance.

18 | 10.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

19 | Members' compensation is DEFENDANT's non-discretionary incentive program that pays

20 | PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

21 | performance for DEFENDANT, including but not limited to shift differential wages for working

22 | undesirable shifts and quarterly performance based incentive wages.   The non-discretionary

23 | incentive program provided all employees paid on an hourly basis with incentive compensation

24 | when the employees met the various performance goals set by DEFENDANT.   However, when

25 | calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other

26 | CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation

27 | as part of the employees' "regular rate of pay" for purposes of calculating overtime pay.

28

CLASS ACTION COMPLAINT

1  Management and supervisors described the incentive program to potential and new employees
2  as part of the compensation package.  As a matter of law, the incentive compensation received
3  by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular
4  rate of pay."  The failure to do so has resulted in a systematic underpayment of overtime
5  compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.
6          11.     Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is
7  required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked,
8  meaning the time during which an employee is subject to the control of an employer, including
9  all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF
10  and CALIFORNIA CLASS Members to work off the clock without paying them for all the time
11  they were under DEFENDANT's control.  Specifically, PLAINTIFF and the CALIFORNIA
12  CLASS Members are instructed to be prepared and ready to work at the time the morning
13  briefing starts.   In order to be ready for the morning briefing, PLAINTIFF and other
14  CALIFORNIA CLASS Members have to arrive and clock into DEFENDANT's timekeeping
15  system at DEFENDANT's designated work site at the airport.  After clocking in, PLAINTIFF
16  and other CALIFORNIA CLASS Members then have to get all their equipment ready including
17  but not limited to picking up bag scanners and headsets, getting their baggage tractors ready,
18  and also logging into DEFENDANT's "unimatic" computer system to check the incoming and
19  outgoing flights for the work day. PLAINTIFF and other CALIFORNIA CLASS Members also
20  perform "DSTG" inventory checks while off the clock during this pre-shift time.
21  DEFENDANT knew or should know PLAINTIFF and other CALIFORNIA CLASS Members
22  are working off the clock because DEFENDANT's own timekeeping system shows the "actual
23  start" start time and "scheduled start" time for PLAINTIFF and CALIFORNIA CLASS
24  Members. It is mandatory that PLAINTIFF and other CALIFORNIA CLASS Members arrive
25  at DEFENDANT's pre-designated clock in stations in order to be ready for the morning
26  briefing.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit time
27  worked by regularly working without their time being accurately recorded and without
28

CLASS ACTION COMPLAINT

minimum wage compensation at the applicable rate. DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANT's business records.

12.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly fails to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

13.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Member are also from time to time unable to take off duty meal breaks and are not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA CLASS Members are required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees are required by DEFENDANT to work ten (10) hours of work. Specifically, PLAINTIFF and CALIFORNIA CLASS allege that the demands of working in the airline industry result in DEFENDANT violating the California Labor Code. Flights have to depart safely, otherwise an accident can lead to death. Details like how luggage is arranged matter because an unbalanced aircraft will affect operability. Weather also plays a large role in the safety of flights and their timeliness. PLAINTIFF and CALIFORNIA CLASS Members need to be mindful of safety while at the same time they have to make sure that flights arrive and depart on time, as a delay on one flight can cascade to delays

6

CLASS ACTION COMPLAINT

in other flights. In light of their work responsibilities, PLAINTIFF and other CALIFORNIA CLASS Members were not always able to take legally compliant meal periods as a result of the demands placed on them by DEFENDANT's workload and commitment to safety and timeliness. PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

14. During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members are also required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA CLASS Members are also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members are periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

15. When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an

7

itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.* As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

16.     By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

17.     Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to her in the form of two components. One component of PLAINTIFF's compensation was a base hourly wage. The second component of PLAINTIFF's compensation are non-discretionary incentive wages described herein. DEFENDANT paid the incentive wages, so long as PLAINTIFF met certain predefined performance requirements. PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout her employment with DEFENDANT and DEFENDANT paid PLAINTIFF the incentive wages. During these pay periods in which PLAINTIFF was paid the non-discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF's regular rate of pay for the purposes of calculating what should have been PLAINTIFF's accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout her employment with DEFENDANT. The incentive compensation paid by DEFENDANT

8

constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF's "regular rate of pay." PLAINTIFF was also from time to time unable to take off duty meal and rest breaks and was not fully relieved of duty for her meal periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF with a second off-duty meal period from time to time in which she was required by DEFENDANT to work ten (10) hours of work. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice. DEFENDANT also provided PLAINTIFF with a paystub that failed to accurately display PLAINTIFF's correct rates of overtime pay and payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code § 226(a). The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## **JURISDICTION AND VENUE**

18.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

19.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF works in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

///

///

## THE CALIFORNIA CLASS

20.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees. Excluded from this class definition are all persons that are or were employed by DEFENDANT in the position of Flight Attendant (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

21.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

22.    The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

23.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly calculate and record overtime compensation for overtime worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

24.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the "regular rate of pay" by including the incentive compensation that PLAINTIFF and members of the CALIFORNIA CLASS are awarded by DEFENDANT. DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

25.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq.* At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq.*

26.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

27.     DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CALIFORNIA CLASS for all overtime worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

(b)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFF and the members of the CALIFORNIA CLASS;

(c)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by violating §§ 1194, 1197 & 1197.1 by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all minimum wages due the CALIFORNIA CLASS for all time worked;

(d)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the correct federal overtime wages to the PLAINTIFF and the members of the CALIFORNIA CLASS as legally

CLASS ACTION COMPLAINT

required by the FLSA, and retaining the unpaid federal overtime to the benefit of DEFENDANT; and

(e)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

28.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was subjected to the uniform employment practices of DEFENDANT and was a non-exempt employee paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and policy which fails to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby systematically underpays overtime compensation to the CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS are and are similarly or identically

13

1    harmed by the same unlawful, deceptive, unfair and pervasive pattern of

2    misconduct engaged in by DEFENDANT; and,

3    (d)    The representative PLAINTIFF will fairly and adequately represent and

4    protect the interest of the CALIFORNIA CLASS, and has retained

5    counsel who are competent and experienced in Class Action litigation.

6    There are no material conflicts between the claims of the representative

7    PLAINTIFF and the members of the CALIFORNIA CLASS that would

8    make class certification inappropriate.  Counsel for the CALIFORNIA

9    CLASS will vigorously assert the claims of all CALIFORNIA CLASS

10    Members.

11    29.    In addition to meeting the statutory prerequisites to a Class Action, this action

12    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

13    (a)    Without class certification and determination of declaratory, injunctive,

14    statutory and other legal questions within the class format, prosecution of

15    separate actions by individual members of the CALIFORNIA CLASS will

16    create the risk of:

17    1)    Inconsistent or varying adjudications with respect to individual

18    members of the CALIFORNIA CLASS which would establish

19    incompatible standards of conduct for the parties opposing the

20    CALIFORNIA CLASS; and/or,

21    2)    Adjudication with respect to individual members of the

22    CALIFORNIA CLASS which would as a practical matter be

23    dispositive of interests of the other members not party to the

24    adjudication or substantially impair or impede their ability to

25    protect their interests.

26    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to

27    act on grounds generally applicable to the CALIFORNIA CLASS, making

28

14

CLASS ACTION COMPLAINT

appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

    1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

    2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

30.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

16

CLASS ACTION COMPLAINT

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour

1    related claims arising out of the conduct of DEFENDANT as to the
2    members of the CALIFORNIA CLASS.

3    31.    DEFENDANT maintains records from which the Court can ascertain and identify
4    by job title each of DEFENDANT's employees who as have been systematically, intentionally
5    and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein
6    alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles
7    of similarly situated employees when they have been identified.

8

9    **THE CALIFORNIA LABOR SUB-CLASS**

10    32.    PLAINTIFF further brings the Second, Third, Fourth, Fifth and Sixth causes of
11    Action on behalf of a California sub-class, defined as all members of the CALIFORNIA
12    CLASS classified as non-exempt employees. Excluded from this class definition are all persons
13    that are or were employed by DEFENDANT in the position of Flight Attendant (the
14    "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning on the date
15    three (3) years prior to the filing of the complaint and ending on the date as determined by the
16    Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ.
17    Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR
18    SUB-CLASS Members is under five million dollars ($5,000,000.00).

19    33.    DEFENDANT, as a matter of company policy, practice and procedure, and in
20    violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order
21    requirements, and the applicable provisions of California law, intentionally, knowingly, and
22    wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime
23    compensation for the overtime worked by PLAINTIFF and the other members of the
24    CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this
25    work, required employees to perform this work and permitted or suffered to permit this
26    overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-
27    CLASS Members overtime wages at the correct amount to which these employees are entitled

28

1  in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling

2  operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

3  CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

4      34.    DEFENDANT maintains records from which the Court can ascertain and identify

5  by name and job title, each of DEFENDANT's employees who have been systematically,

6  intentionally and uniformly subjected to DEFENDANT's company policy, practices and

7  procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include

8  any additional job titles of similarly situated employees when they have been identified.

9      35.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

10 CALIFORNIA LABOR SUB-CLASS Members is impracticable.

11     36.    Common questions of law and fact exist as to members of the CALIFORNIA

12 LABOR SUB-CLASS, including, but not limited, to the following:

13         (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

14                overtime compensation to members of the CALIFORNIA LABOR SUB-

15                CLASS in violation of the California Labor Code and California

16                regulations and the applicable California Wage Order;

17         (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

18                entitled to overtime compensation for overtime worked under the overtime

19                pay requirements of California law;

20         (c)    Whether DEFENDANT failed to accurately record the applicable

21                overtime rates for all overtime worked PLAINTIFF and the other

22                members of the CALIFORNIA LABOR SUB-CLASS;

23         (d)    Whether DEFENDANT failed to provide PLAINTIFF and the other

24                members of the CALIFORNIA LABOR SUB-CLASS with legally

25                required uninterrupted thirty (30) minute meal breaks and rest periods;

26         (e)    Whether DEFENDANT failed to provide PLAINTIFF and the other

27                members of the CALIFORNIA LABOR SUB-CLASS with accurate

28

CLASS ACTION COMPLAINT

itemized wage statements;

(f)  Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)  The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)  Whether DEFENDANT's conduct was willful.

37.  DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees.  All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFF, are non-exempt employees who are paid on an hourly basis by DEFENDANT according to uniform and systematic company procedures as alleged herein above.  This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

38.  DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)  Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b)  Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(c)  Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording all time worked and thereby failing to pay PLAINTIFF and the members of

20

CLASS ACTION COMPLAINT

the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay

for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197; and,

(d)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

members of the CALIFORNIA LABOR SUB-CLASS with an accurate

itemized statement in writing showing all accurate and applicable

overtime rates in effect during the pay period and the corresponding

amount of time worked at each overtime rate by the employee.

39.    This Class Action meets the statutory prerequisites for the maintenance of a Class

Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

Members is impracticable and the disposition of their claims as a class

will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

that are raised in this Complaint are common to the CALIFORNIA

LABOR SUB-CLASS and will apply uniformly to every member of the

CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of

each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

like all the other members of the CALIFORNIA LABOR SUB-CLASS,

was a non-exempt employee paid on an hourly basis and paid additional

non-discretionary incentive wages who was subjected to the

DEFENDANT's practice and policy which failed to pay the correct rate

of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for

all overtime worked.  PLAINTIFF sustained economic injury as a result

of DEFENDANT's employment practices. PLAINTIFF and the members

of the CALIFORNIA LABOR SUB-CLASS are and are similarly or

identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.   There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

40.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)      Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA

22

CLASS ACTION COMPLAINT

LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)      The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)      Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.      Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical

23

matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

41.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA LABOR SUB-CLASS are so

24

numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

CLASS ACTION COMPLAINT

# FIRST CAUSE OF ACTION

## For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

42.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

43.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

44.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

45.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 206.5, 226.7, 510, 558, 512, 558, 1194, 1197, 1197.1 and 1198, The Fair Labor Standards Act, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

46.     By the conduct alleged herein, DEFENDANT's practices are unlawful and unfair

in that these practices violated public policy, are immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and are without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

47.    By the conduct alleged herein, DEFENDANT's practices are deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, minimum wages due and wages due for overtime worked, failed to accurately to record the applicable rate of all overtime worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

48.    By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

49.    By the conduct alleged herein, DEFENDANT's practices are also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

50.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

51.    PLAINTIFF further demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty

1   paid rest period was not timely provided as required by law.

2       52.    By and through the unlawful and unfair business practices described herein,

3   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

4   other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

5   and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

6   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

7   to unfairly compete against competitors who comply with the law.

8       53.    All the acts described herein as violations of, among other things, the Industrial

9   Welfare Commission Wage Orders, the California Code of Regulations, and the California

10  Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive

11  and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business

12  practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

13      54.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

14  and do, seek such relief as may be necessary to restore to them the money and property which

15  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

16  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

17  unfair business practices, including earned but unpaid wages for all overtime worked.

18      55.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

19  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

20  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

21  engaging in any unlawful and unfair business practices in the future.

22      56.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

23  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

24  of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

25  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

26  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

27  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

28

1  engage in these unlawful and unfair business practices.

2

3  ## SECOND CAUSE OF ACTION

4  ### For Failure To Pay Minimum Wages

5  ### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

6  ### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

7  ### and Against All Defendants)

8  57.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

9  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

10  paragraphs of this Complaint.

11  58.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

12  bring a claim for DEFENDANT's willful and intentional violations of the California Labor

13  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

14  accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS

15  Members.

16  59.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

17  public policy, an employer must timely pay its employees for all hours worked.

18  60.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

19  commission is the minimum wage to be paid to employees, and the payment of a less wage than

20  the minimum so fixed in unlawful.

21  61.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

22  including minimum wage compensation and interest thereon, together with the costs of suit.

23  62.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and

24  the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

25  amount of time they worked, including off the clock time tasks that the CALIFORNIA CLASS

26  Members engaged in for DEFENDANT. As set forth herein, DEFENDANT's uniform policy

27  and practice was to unlawfully and intentionally deny timely payment of wages due to

28

1    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

2        63.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

3    without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

4    result of implementing a uniform policy and practice that denied accurate compensation to

5    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to

6    minimum wage pay.

7        64.    In committing these violations of the California Labor Code, DEFENDANT

8    inaccurately calculated the correct time worked and consequently underpaid the actual time

9    worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

10    DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

11    benefits in violation of the California Labor Code, the Industrial Welfare Commission

12    requirements and other applicable laws and regulations.

13        65.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

14    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

15    receive the correct minimum wage compensation for their time worked for DEFENDANT.

16        66.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

17    other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that

18    they were entitled to, constituting a failure to pay all earned wages.

19        67.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

20    compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

21    CLASS for the true time they worked, PLAINTIFF and the other members of the

22    CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

23    injury in amounts which are presently unknown to them and which will be ascertained

24    according to proof at trial.

25        68.    DEFENDANT knew or should have known that PLAINTIFF and the other

26    members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time

27    worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

28

nonfeasance, to not pay PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

69.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

70.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///

///

///

### THIRD CAUSE OF ACTION

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

71. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

72. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

73. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

74. Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

75. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

76. DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and

the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime worked and correct applicable overtime rate for the amount of overtime they worked. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

77. DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

78. In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

79. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

80. Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained

CLASS ACTION COMPLAINT

1  herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of herself and the
2  CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable,
3  non-waiveable rights provided by the State of California.

4      81.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the
5  other members of the CALIFORNIA LABOR SUB-CLASS are paid less for time worked that
6  they are entitled to, constituting a failure to pay all earned wages.

7      82.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the
8  CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in
9  excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194
10 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
11 CLASS are required to work, and did in fact work, overtime as to which DEFENDANT failed
12 to accurately record and pay using the applicable overtime rate as evidenced by
13 DEFENDANT's business records and witnessed by employees.

14     83.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned
15 compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
16 CLASS for the true time they worked, PLAINTIFF and the other members of the
17 CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic
18 injury in amounts which are presently unknown to them and which will be ascertained
19 according to proof at trial.

20     84.    DEFENDANT knew or should have known that PLAINTIFF and the other
21 members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime
22 worked. DEFENDANT systematically elected, either through intentional malfeasance or gross
23 nonfeasance, to not pay employees for their labor as a matter of uniform company policy,
24 practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to
25 pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the
26 applicable overtime rate.

27     85.    In performing the acts and practices herein alleged in violation of California labor

28

1  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
2  all time worked and provide them with the requisite overtime compensation, DEFENDANT
3  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and
4  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter
5  disregard for their legal rights, or the consequences to them, and with the despicable intent of
6  depriving them of their property and legal rights, and otherwise causing them injury in order
7  to increase company profits at the expense of these employees.

8       86.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
9  therefore request recovery of all unpaid wages, including overtime wages, according to proof,
10 interest, statutory costs, as well as the assessment of any statutory penalties against
11 DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable
12 statutes.

13

14                    **FOURTH CAUSE OF ACTION**
15             **For Failure to Provide Required Meal Periods**
16                   **[Cal. Lab. Code §§ 226.7 & 512 ]**
17     **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
18                              **Defendants)**

19       87.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
20 reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
21 of this Complaint.

22       88.    During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT
23 failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other
24 CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and
25 Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR
26 SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their
27 duties for the legally required off-duty meal periods.  As a result of their rigorous work
28

CLASS ACTION COMPLAINT

schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are often not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

89.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who are not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

90.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### For Failure to Provide Required Rest Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

91.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

92.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are from time to time required to work in excess of four (4) hours without being provided ten (10) minute

36

rest periods. Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

93.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who are not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

94.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

### Defendants)

95.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

96.     Cal. Labor Code § 226 provides that an employer must furnish employees with

an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

97.    When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing

showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.* As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

98.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment taxes which are not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly

CLASS ACTION COMPLAINT

withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

A)   That the Court certify the Second, Third, Fourth, Fifth and Sixth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)   Compensatory damages, according to proof at trial, including compensatory damages for minimum wage and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)   Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order; and,

D)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

3.   On all claims:

A)   An award of interest, including prejudgment interest at the legal rate;

B)   Such other and further relief as the Court deems just and equitable; and,

C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §218.5, §226, and/or §1194.

CLASS ACTION COMPLAINT

1   Dated: February 14, 2019    BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

2

3

4                      By:   */s/ Norman Blumenthal*

5                            Norman B. Blumenthal
                            Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: February 14, 2019      BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP


By:    */s/ Norman Blumenthal*
        Norman B. Blumenthal
        Attorneys for Plaintiff

CLASS ACTION COMPLAINT

# EXHIBIT B

1    ROBERT A. SIEGEL (S.B. #64604)
     rsiegel@omm.com
2    O'MELVENY & MYERS LLP
     400 South Hope Street, 18th Floor
3    Los Angeles, CA 90071-2899
     Telephone:    213-430-6000
4    Facsimile:    213-430-6407

5    ADAM P. KOHSWEENEY (S.B. #229983)
     akohsweeney@omm.com
6    SUSANNAH K. HOWARD (S.B. #291326)
     showard@omm.com
7    KRISTIN M. MACDONNELL (S.B. #307124)
     kmacdonnell@omm.com
8    O'MELVENY & MYERS LLP
     Two Embarcadero Center
9    28th Floor
     San Francisco, California 94111-3823
10   Telephone:    +1 415 984 8700
     Facsimile:    +1 415 984 8701

11

     Attorneys for Defendant
12   United Airlines, Inc.

13           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14               **FOR THE COUNTY OF SAN DIEGO**

15

16

17   ELLA BROWN, an individual, on behalf of     Case No. 37-2019-00008533-CU-OE-CTL
     herself, and on behalf of all persons similarly
18   situated,                          **DEFENDANT UNITED AIRLINES,**
                              **INC.'S ANSWER TO PLAINTIFF'S**
19                Plaintiff,               **UNVERIFIED CLASS ACTION**
                              **COMPLAINT**
20           v.

21   UNITED AIRLINES, INC., a Corporation; and
     Does 1 through 50, Inclusive
22
             Defendants.
23

24

25

26

27

28

Defendant United Airlines, Inc. ("United" or "Defendant"), for itself alone and for no other defendant, hereby answers the unverified complaint herein, dated February 14, 2019, (the "Complaint"), as follows:

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies each and every, all and singular, allegations of the Complaint and also denies that Plaintiff Ella Brown ("Plaintiff") or any putative member of any purported class set forth in the Complaint were damaged in the sum or sums alleged or in any sum at all. Defendant further specifically denies that any of the claims alleged by Plaintiff in the Complaint may properly be adjudicated on a class-action and/or representative basis.

**<u>AS AND FOR ITS AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION PURPORTED TO BE SET FORTH AGAINST IT BY PLAINTIFF ON BEHALF OF HERSELF, AND ON BEHALF OF THE PUTATIVE MEMBERS OF EACH PURPORTED CLASS AS SET FORTH IN THE COMPLAINT, DEFENDANT ALLEGES AS FOLLOWS:</u>**

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

<u>Failure to State a Cause of Action</u>

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, fail to state facts sufficient to constitute a cause of action against Defendant.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

<u>Preemption</u>

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because they are preempted by, *inter alia*, the Railway Labor Act, 29 U.S.C. §§ 151 *et seq.* and/or the Airline Deregulation Act, 49 U.S.C. §§ 40120 *et seq.*

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

<u>Dormant Commerce Clause Preemption</u>

Plaintiff's claims, and each of them, brought on behalf of herself and the putative

- 2 -

1  members of the purported class as set forth in the Complaint, or some of them, are barred in

2  whole or in part because the application of California law to employment in other states or

3  countries would violate the Dormant Commerce Clause of the United States and California

4  Constitutions given that said laws, facially and as applied to this action, would impose a burden

5  on interstate commerce that is clearly excessive in relation to the putative local benefits.

6  **FOURTH AFFIRMATIVE DEFENSE**

7  Lawful Exemptions

8  Plaintiff's claims, and each of them, brought on behalf of herself and the putative

9  members of each purported class as set forth in the Complaint, or some of them, are barred in

10  whole or in part by California Labor Code § 514 and/or Industrial Welfare Commission Order

11  No. 9-2001, § 1(E).

12  **FIFTH AFFIRMATIVE DEFENSE**

13  Statute of Limitations

14  Plaintiff's claims, and each of them, brought on behalf of herself and the putative

15  members of the purported class as set forth in the Complaint, or some of them, are barred in

16  whole or in part by the applicable statutes of limitations, including without limitation, the

17  limitations periods prescribed in California Business and Professions Code § 17209, California

18  Labor Code § 203, and California Code of Civil Procedure §§ 338, 340, and/or 340.

19  **SIXTH AFFIRMATIVE DEFENSE**

20  No Standing

21  Plaintiff's claims, and each of them, brought on behalf of herself and the putative

22  members of the purported class as set forth in the Complaint, or some of them, are barred in

23  whole or in part because Plaintiff lacks standing.

24  **SEVENTH AFFIRMATIVE DEFENSE**

25  No Class Action

26  Plaintiff's claims, and each of them, brought on behalf of herself and the putative

27  members of the purported class as set forth in the Complaint, or some of them, fail to meet the

28  necessary requirements for class certification, including, *inter alia*, class ascertainability,

1  typicality, commonality, numerosity, manageability, superiority, and adequacy of the class

2  representative and/or counsel.

3  **EIGHTH AFFIRMATIVE DEFENSE**

4  Unconstitutional Action

5  Certification of a class or representative action under the circumstances of this case would

6  violate Defendant's rights under the United States Constitution and California Constitution.

7  **NINTH AFFIRMATIVE DEFENSE**

8  Conduct Reasonable and In Good Faith/Not Willful

9  Plaintiff's claims and each of them, brought on behalf of herself and the putative

10 members of the purported class as set forth in the Complaint, or some of them, are barred in

11 whole or in part because Defendant has at all times acted in good faith, in conformity with and in

12 reliance on written administrative regulations, orders, rulings, guidelines, approvals, and/or

13 interpretations of federal and California agencies, and on the basis of a good-faith and reasonable

14 belief that it had complied fully with California wage and hour laws.

15 **TENTH AFFIRMATIVE DEFENSE**

16 No "Knowing and Intentional" Violations and No Injury

17 Neither Plaintiff nor any putative class members are entitled to penalties under California

18 Labor Code § 226 because Defendant's behavior was not "knowing and intentional" and/or

19 because no injury was suffered.

20 **ELEVENTH AFFIRMATIVE DEFENSE**

21 Waiver

22 Plaintiff's claims, and each of them, brought on behalf of herself and the putative

23 members of the purported class as set forth in the Complaint, or some of them, are barred in

24 whole or in part because such claims have been waived, discharged, and/or abandoned.

25 **TWELFTH AFFIRMATIVE DEFENSE**

26 Accord and Satisfaction, Payment

27 Plaintiff's claims, and each of them, brought on behalf of herself and the putative

28 members of the purported class as set forth in the Complaint, or some of them, are barred in

- 4 -

1  whole or in part by the principles of accord and satisfaction and payment.

2  **THIRTEENTH AFFIRMATIVE DEFENSE**

3  <u>Release</u>

4  Plaintiff's claims, and each of them, brought on behalf of herself and the putative

5  members of the purported class as set forth in the Complaint, or some of them, are barred in

6  whole or in part because Plaintiff released the claims at issue.

7  **FOURTEENTH AFFIRMATIVE DEFENSE**

8  <u>*Res Judicata* and/or Collateral Estoppel</u>

9  Plaintiff's causes of action as set forth in the Complaint, or some of them, are barred in

10  whole or in part by the doctrines of *res judicata* and/or collateral estoppel because they have

11  already been adjudicated through the grievance procedures of the applicable collective bargaining

12  agreement(s).

13  **FIFTEENTH AFFIRMATIVE DEFENSE**

14  <u>Setoff and Recoupment</u>

15  If any damages have been sustained by Plaintiff, or by any putative member of the

16  purported class as set forth in the Complaint, although such is not admitted hereby or herein and

17  is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment

18  to offset all obligations of the Plaintiff or putative class members owed to Defendant against any

19  judgment that may be entered against Defendant.

20  **SIXTEENTH AFFIRMATIVE DEFENSE**

21  <u>No Jury Trial</u>

22  Plaintiff is not entitled to have equitable issues or matters of law tried to a jury, and

23  Plaintiff's demand for a jury trial should be so limited.

24  **SEVENTEENTH AFFIRMATIVE DEFENSE**

25  <u>Adequate Remedy at Law</u>

26  To the extent Plaintiff seeks such relief, any claim by Plaintiff for equitable relief is barred

27  because, to the extent Plaintiff and/or the putative class members are entitled to any remedy,

28  which is not admitted hereby or herein, Plaintiff and/or the putative class members have an

- 5 -

adequate remedy at law and/or other requirements for granting injunctive or other equitable relief cannot be satisfied.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Restitution Only

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part to the extent they seek to receive penalties or other non-restitutionary awards pursuant to California Business & Professions Code.

## NINETEENTH AFFIRMATIVE DEFENSE

### Estoppel

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because Plaintiff is estopped by his own conduct to claim any right to damages or other monetary relief, or any additional damages or other monetary relief, from Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

### Unclean Hands

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part by Plaintiff's unclean hands and/or inequitable or wrongful conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Laches

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Due Process

Any award of restitution under Plaintiff's first cause of action pursuant to the California Business & Professions Code §§ 17200 *et seq.* would violate the Excessive Fines and Due

DEFENDANT'S ANSWER TO COMPLAINT

1  Process Clauses of the United States and California Constitutions.

2  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

3  No Unfair or Unlawful Practice

4  Plaintiff's cause of action under California Business & Professions Code §§ 17200 *et seq.*

5  is barred, in whole or in part, because Defendant's alleged practices were not "unfair" or

6  "unlawful," the public was not and would not likely have been deceived by any such alleged

7  practices, Defendant would have gained no competitive advantage by engaging in such alleged

8  practices, and the benefits of the alleged practices outweighed any harm or other impact they

9  might have caused.

10  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11  Unconstitutional Remedy - California Business & Professions Code

12  Any finding of liability pursuant to the California Business & Professions Code would

13  violate the Due Process Clauses of the United States and California Constitutions because, *inter*

14  *alia*, the standards of liability under the Business & Professions Code are unduly vague and

15  ambiguous, and permit retroactive, random, arbitrary, and capricious punishment that serves no

16  legitimate governmental interest.

17  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

18  Unjust, Arbitrary and Oppressive, or Confiscatory Penalties

19  Plaintiff, and the putative members of the purported class as set forth in the Complaint, are

20  not entitled to recover any civil penalties and/or fines pursuant to Plaintiff's causes of action,

21  because, under the circumstances of this case, any such recovery would be unjust, arbitrary and

22  oppressive, or confiscatory.

23  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

24  Proper Calculations and Documentation

25  Plaintiff's claims, and each of them, brought on behalf of herself and the putative

26  members of the purported class as set forth in the Complaint, or some of them, are barred in

27  whole or in part because at all relevant times at issue, Defendant properly tracked the hours

28  worked by non-exempt employees, compensated them for hours worked at the appropriate rates

- 7 -

1  pursuant to California law, and documented such compensation in legally sufficient wage

2  statements.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

No Private Right of Action

5  Plaintiff's claims, and each of them, brought on behalf of herself and the putative

6  members of the purported class as set forth in the Complaint, or some of them, are barred to the

7  extent they are brought under California Labor Code Section 226.7, as there is no private right of

8  action under said statute.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Frivolous Claims

11  Plaintiff's claims, and each of them, brought on behalf of herself and the putative

12  members of the purported class as set forth in the Complaint, or some of them, are "frivolous,

13  unreasonable, or groundless" within the meaning of *Christianburg v. Garment Co. v. EEOC*, 434

14  U.S. 412 (1978) and *Cummings v. Benco Building Servs.*, 11 Cal. App. 4th 383 (1992), and,

15  accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

*De Minimis* Harm

18  Plaintiff's claims, and each of them, brought on behalf of herself and the putative

19  members of the purported class as set forth in the Complaint, or some of them, are barred in

20  whole or in part because any time Plaintiff or putative class members worked allegedly without

21  compensation was *de minimis* and not compensable.

### THIRTIETH AFFIRMATIVE DEFENSE

Attorneys' Fees

24  Defendant is entitled to recover all costs and attorneys' fees incurred herein under

25  California Labor Code § 218.5.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

27  Defendant is informed and believes and on that basis alleges that Defendant may have

28  additional defenses available, which are not now fully known and of which it is not now aware.

- 8 -

1   Defendant reserves the right to raise and assert such additional defenses once such additional

2   defenses have been ascertained.

3

4       **WHEREFORE**, Defendant United Airlines, Inc. prays as follows:

5       1.      That the Complaint and each cause of action therein be dismissed with prejudice;

6       2.      That Plaintiff take nothing by way of the Complaint;

7       3.      That Defendant be awarded costs of suit and attorneys' fees herein; and

8       4.      That the Court order such other and further relief for Defendant as the Court may

9   deem just and proper.

10

11      Dated:  March 19, 2019                    ADAM P. KOHSWEENEY
                                                  SUSANNAH K. HOWARD
12                                                KRISTIN M. MACDONNELL

13                                                O'MELVENY & MYERS LLP

14

15                                                By:  _____
                                                       Adam P. KohSweeney
16                                                Attorneys for Defendant
                                                  United Airlines, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

DEFENDANT'S ANSWER TO COMPLAINT

**PROOF OF SERVICE**

I, Maggie T. Vuong, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is Two Embarcadero Center, 28th Floor, San Francisco, California  94111-3823.  On March 19, 2019, I served the within document(s):

**DEFENDANT UNITED AIRLINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

☐  by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date.   The outgoing facsimile machine telephone number in this office is +1 415 984 8701.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  by causing the document(s) to be emailed or electronically transmitted to the person(s) at the email addresses set forth below, pursuant to a court order or an agreement of the parties to accept service by email or electronic transmission.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

BLUMENTHAL NORDREHAUG BHOWMIK
DE BLOUW LLP
Norman B. Blumenthal, Esq.
Kyle R. Nordrehaug
Aparajit Bhowmik
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile:  (858) 551-1232
Website: www.bamlawca.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 19, 2019, at San Francisco, California.

_____
Maggie T. Vuong

- 10 -